UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JEFFERY HAMM,

                            Plaintiff,                 **MEMORANDUM AND ORDER**
                                                                       20-CV-3357 (RRM) (LB)
    -against-

N.Y.C.H.H.C; D.O.H.M.H.; O.B.H.,

                            Defendants.
----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge:

        On November 26, 2019, *pro se* plaintiff Jeffery Hamm commenced Case No. 19-CV-7245, the first of two actions he has brought against the New York City Health and Hospitals Corporation ("HHC"), the New York City Department of Health and Mental Hygiene ("DOHMH"), and the New York City Office of Behavioral Health ("OBH") (collectively, "Defendants"), by placing a complaint in the mailbox at Rikers Island, where he was then incarcerated.  In a Memorandum and Order dated April 20, 2020 (Doc. No. 8 in No. 19-CV-7245) (the "First M&O"), the Court dismissed the complaint for failure to state a claim.  However, the Court, in an abundance of caution, granted Hamm thirty days' leave to file an amended complaint.  (*Id.* at 6.)

        Hamm did not timely file an amended complaint.  However, on June 22, 2020, Hamm filed a letter notifying the Court that he had been released from Rikers Island and was living at a Bronx address.  (Doc. No. 10 in No. 19-CV-7245.)  In an order dated July 9, 2020 (the "Second Order"), Judge Komitee – to whom the case was temporarily reassigned – *sua sponte* directed the Clerk of Court to mail a copy of First M&O to the Bronx address and granted Hamm another 30 days in which to file his amended complaint.  Neither the First M&O nor the Second Order explained that the amended pleading needed to be captioned an "Amended Complaint" and needed to reference docket number 19-CV-7245.

On July 20, 2020, Hamm filed another form complaint of the sort used to file civil rights complaints pursuant to 28 U.S.C. § 1983.  This pleading named the exact same defendants as did No. 19-CV-7245 and requested the same relief as did the complaint in No. 19-CV-7245: $1.5 million – the approximate amount Hamm would have earned over the next 20 years.  (Compl. (Doc. No. 1 in 20-CV-3357) at ¶ V.)  The complaint was not accompanied by an application to proceed *in forma pauperis* or a filing fee, but it did not mention a docket number or otherwise indicate that it was an amended complaint.  Accordingly, it was docketed as the original complaint in this action.

In light of Hamm's *pro se* status, the Court construes the complaint in this case to be the amended complaint that Hamm was granted leave to file by Judge Komitee.  In an Order issued herewith, the Clerk of Court was directed to re-file that pleading on the docket sheet in No. 19-CV-7245 as an amended complaint.  This action is therefore duplicative of No. 19-CV-7245.

## CONCLUSION

For the reasons set forth above, the complaint in this action is construed to be the amended complaint in Case No. 19-CV-7245.  This action is closed as duplicative of Case No. 19-CV-7245.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
        January 12, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge

2